Harry Joseph STUBBS, Appellant,

v.

Sherry Paulette STUBBS, Appellee.

No. 01–85–01047–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 12, 1986.

Rehearing Denied Aug. 14, 1986.

Randall B. Wilhite, Haynes & Fullenweider, Nancy Saint-Paul, Haynes & Fullenweider, Houston, for appellant.

Barry J. Hards, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a judgment directing appellant's employer to withhold income for future child support payments. We affirm.

Under a 1983 divorce decree, the appellant was ordered to make payments of $175.00 per month for each of his two daughters until each reached the age of 18 or no longer resided with their mother. His obligation would cease for that daughter when either of those conditions were met. In June 1985, the appellant became delinquent in these payments, and in September 1985, the appellee filed a motion to hold appellant in contempt for failure to pay the required child support and a request for assignment of wages.

At the hearing on appellee's motion, appellee testified that the appellant had failed to make at least four semi-monthly support payments over the course of the summer. The appellant testified that because one of the daughters had ceased to reside with her mother, he no longer felt obligated to pay the amount of the remaining daughter's child support. The trial court denied the appellee's motion for contempt but awarded her the sum of $1,050 for the amount of the arrearage, plus attorney's fees. The trial court also ordered appellant's employer, the Houston Police Department, to deduct $350.00 per month from the appellant's paycheck until the date when the oldest daughter reached 18 years of age.

■ The appellant first complains that the trial court erred in failing to make findings of fact and conclusions of law. There is nothing in the record to indicate that the request for findings of fact and conclusions of law was ever submitted to the judge. The request, as well as the subsequent complaint for failure to file under Tex.R.Civ.P. 297, must be presented to the judge. Merely filing the request and complaint with the clerk is insufficient. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex. 1977). Further, the record affirmatively shows that the trial court's failure to make findings of fact and conclusions of law does not prevent appellant from making a proper presentation of his case to the appellate court. Even assuming that the request

had been properly made for findings of fact and conclusions of law, error under this record is harmless. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (Tex.1944). Appellant's remaining points of error concern only whether his eldest daughter continued to "reside" with her mother after she left to attend college. The facts are undisputed concerning these points of error. We overrule the first point of error.

In his second and third points of error, the appellant argues that the evidence is legally and factually insufficient to support the trial court's implied finding that his eldest daughter resided with the appellee. Essentially, the appellant argues that because the daughter has been living with her grandmother in St. Louis, Missouri, where she is attending Jefferson Community College, she no longer lives with her mother, and he is relieved of any obligation under the divorce decree to pay her child support.

We overrule this contention. The temporary absence of the daughter from her mother's home for the purpose of attending college does not conclusively establish that she is no longer living with her mother. *Cf.* Ch. 424, sec. 19, 1963 Tex.Gen.Laws 1017, repealed by Ch. 211, sec. 9(a)(1), 1985 Tex.Gen.Laws 1748 (formerly Tex.Elec. Code Ann. art. 5.08); Tex.Elec.Code Ann. art. 1.015 (Vernon Supp.1986) (residence for voting purposes construed to be where a student's home was before she became a student). Also, if the circumstances warranted a change in the amount of support, appellant's remedy was modification of the support order, not refusal to pay. Tex. Fam.Code Ann. sec. 14.08 (Vernon Supp. 1986).

The judgment of the trial court is affirmed.