**THOMAS JAMES ASSOCIATES, INC. n/k/a H.J. Meyers & Co., Inc., Appellant,**

v.

**Retha OWENS, Barbara Towery, Edmund Cross, Evelyn Cross, Hoyt Wilkerson, and Helen Wilkerson, Appellees.**

No. 05–97–00273–CV.

Court of Appeals of Texas, Dallas.

Aug. 30, 1999.

Richard A. Sayles, Steven E. Aldous, Eric D. Pearson, Sayles & Lidji, Dallas, for appellee.

Michael F. Brown, General Counsel, H.J. Meyers Co. Rochester, NY, for appellant.

## OPINION

JIM MOSELEY, Justice.

This is an appeal from a judgment confirming an arbitration award in favor of appellees Retha Owens, Barbara Towery,

Edmund Cross, Evelyn Cross, Hoyt Wilkerson, and Helen Wilkerson. Appellant Thomas James Associates, Inc. ("Thomas James"), which sought to have the award vacated, raises six points of error. It contends that because one of the arbitrators failed to disclose information that allegedly raised questions about his partiality, the trial court erred in confirming the arbitration award. Thomas James also complains about the trial court's denial of its motion for continuance and about the trial court's failure to file findings of fact and conclusions of law. For reasons that follow, we affirm the trial court's judgment.

### BACKGROUND

Appellees invested money with Thomas James, a New York securities brokerage firm. Each entered into an account agreement with Thomas James that provided:

> Any controversy arising out of or relating to any of my accounts, to transactions with you for me, or to this or any agreement or the construction, performance or breach thereof, shall be settled by arbitration only before the NASD [National Association of Securities Dealers, Inc.] or the New York Stock Exchange, Inc. or the American Stock Exchange, Inc., as I may elect.

Appellees eventually asserted that Thomas James invested their funds into unsuitable investments and failed to explain the risks involved. In accordance with the above provision, appellees commenced arbitration proceedings against Thomas James before the NASD.

An examination of the NASD rules regarding selection of arbitrators is necessary before we proceed further with the facts of this case. According to the NASD Code of Arbitration Procedure, the Director of Arbitration determines the individuals who will serve on a particular arbitration panel.[1] Prior to the date of the first arbitration hearing, the Director of Arbitration shall inform the parties of the

1. NASD, CODE OF ARBITRATION PROCEDURE, Rule   10309 (1996).

arbitrators' names, employment histories for the past ten years, and any information disclosed pursuant to rule 10312.[2] Under rule 10312, each arbitrator is required to disclose to the Director of Arbitration "any circumstances which might preclude such arbitrator from rendering an objective and impartial determination."[3] Rule 10312(a) provides in part that each arbitrator shall disclose to the Director of Arbitration:

> (1) Any direct or indirect financial or personal interest in the outcome of the arbitration;
>
> (2) Any existing or past financial, business, professional, family, or social relationships that are likely to affect impartiality or might reasonably create an appearance of partiality or bias.[4]

A party may then make further inquiry of the Director of Arbitration concerning an arbitrator's background.[5] In any NASD arbitration proceeding, each party has the right to exercise one peremptory challenge against an arbitrator.[6]

Prior to arbitration of this case, arbitrator Winston Fournier made disclosures to the NASD, and the NASD then provided the parties with a written disclosure form on Fournier. Nothing in the form prompted Thomas James to exercise its peremptory strike against Fournier. Fournier was selected as one of the three arbitrators assigned to this case. After a series of hearings, the NASD panel awarded appellees in excess of $600,000.

Thereafter, appellees filed a petition in the district court to have the arbitration award reduced to a judgment. Thomas James filed a motion to vacate or modify the arbitration award, asserting various grounds for the requested relief. In response to Thomas James's motion to vacate, appellees moved for confirmation of the award.

Thomas James later amended its motion to vacate. In its amended motion, Thomas James asserted that after it filed its motion to vacate, it learned Fournier had failed to disclose certain information. Specifically, it asserted Fournier did not disclose that: (1) he had served on a NASD arbitration panel in a case styled, *"Abendana, et al. v. Prudential Securities"*; and (2) he had been sued in federal district court by one of the claimants in the *Abendana* arbitration, Harold Kippen. It is undisputed that the parties and attorneys involved in the *Abendana* arbitration and the Kippen lawsuit are unrelated to the parties and attorneys involved in this case. However, Thomas James asserted that Fournier's nondisclosure evidenced partiality or bias, or at the very least, created a reasonable appearance of partiality or bias. It asserted this ground as a basis for vacating the arbitration award. Thomas James further asserted that the award should be vacated because Fournier's nondisclosure denied Thomas James the right to exercise a peremptory challenge. Thomas James also filed a motion for continuance, seeking time to conduct discovery with respect to Fournier's partiality or bias.

The trial court held a hearing on all pending motions. At the hearing, Thomas James introduced evidence regarding its claim of arbitrator partiality, including the pleadings in the Kippen lawsuit. Appellees did not offer any evidence. The trial court denied Thomas James's motion for continuance, granted appellees' motion to confirm, and rendered judgment confirming the arbitration award. This appeal followed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

█ We first consider Thomas James's fourth point of error, in which it contends

---

**2.** NASD, CODE OF ARBITRATION PROCEDURE, Rule 10310 (1996).

**3.** NASD, CODE OF ARBITRATION PROCEDURE, Rule 10312(a) (1996).

**4.** *Id.*

**5.** NASD, CODE OF ARBITRATION PROCEDURE, Rule 10310 (1996).

**6.** NASD, CODE OF ARBITRATION PROCEDURE, Rule 10311 (1996).

the trial court erred by failing to file findings of fact and conclusions of law. The trial court signed the judgment on November 22, 1996. Thomas James timely requested the trial court to make findings of fact and conclusions of law and timely filed a notice of past due findings and conclusions.[7] The trial court did not make any findings or conclusions. Thomas James asks this Court to reverse and remand this case to the trial court or abate the appeal and order the trial court to prepare findings and conclusions.

█ In any case tried without a jury, the trial court's duty to file findings of fact and conclusions of law is mandatory.[8] If the trial court fails to prepare findings and conclusions after a proper request and reminder, harm is generally presumed.[9] However, the presumption of harm may be overcome if the record affirmatively shows that the complaining party suffered no injury.[10]

In this case, Thomas James suffered no injury due to the trial court's failure to prepare findings of fact and conclusions of law. The lack of findings and conclusions did not prevent Thomas James from making a proper presentation of this case to this Court.[11] Thomas James's remaining points of error concern Fournier's alleged partiality. The dispositive facts concerning these points are undisputed.[12] The issue involved, whether the trial court should have vacated the arbitration award, is a question of law. We overrule Thomas James's fourth point of error.

### VACATING AN ARBITRATION AWARD

In Thomas James's first and second points of error, it contends that because Fournier failed to disclose his participation in the *Abendana* arbitration or the Kippen lawsuit prior to the arbitration, the trial court erred in confirming the arbitration award. In its fifth and sixth points of error, Thomas James contends the evidence is legally and factually insufficient to support the trial court's confirmation of the award. Before we reach the merits of Thomas James's argument, we must determine whether the federal or state arbitration act applies to this case.

### FEDERAL OR STATE ARBITRATION ACT

█ Under the Supremacy Clause of the United States Constitution, the Federal Arbitration Act (FAA) preempts all otherwise applicable state laws, including the Texas Arbitration Act (TAA).[13] The FAA applies to contracts "evidencing a transaction in commerce."[14] "Commerce" is construed broadly under the FAA, and whether a particular arbitration agreement is controlled by the FAA is determined by whether the contract relates to interstate commerce.[15] Here, the contract containing the arbitration provision is the account agreement. The account agreement is a contract involving the sale of securities and thus involves interstate commerce.[16] We conclude the FAA applies to this dispute.

█ Under the FAA, the validity of an arbitration award is subject to attack

---

7. *See* TEX.R. CIV. P. 296, 297.

8. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989); *see* TEX.R. CIV. P. 296.

9. *Cherne Indus.*, 763 S.W.2d at 772; *Prudential Sec. Inc. v. Shoemaker*, 981 S.W.2d 791, 794 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (confirmation of arbitration award).

10. *Cherne Indus.*, 763 S.W.2d at 772; *Prudential*, 981 S.W.2d at 794.

11. *See Stubbs v. Stubbs*, 715 S.W.2d 373, 374 (Tex.App.-Houston [1st Dist.] 1986, no writ).

12. *Id.*

13. U.S. CONST. art. VI, cl. 2; *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992).

14. 9 U.S.C.A. § 2 (West 1987).

15. *Perry v. Thomas*, 482 U.S. 483, 489, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Jack B. Anglin Co.*, 842 S.W.2d at 269–70.

16. *See Williams v. Cigna Fin. Advisors*, 56 F.3d 656, 659 (5th Cir.1995) (contract involving sale of securities involves commerce).

only on grounds listed in sections 10 and 11 of the Act.[17] Section 10 of the FAA sets out the limited grounds for vacating an arbitration award.[18] The issue upon review of an arbitrator's award is whether the arbitration proceedings were fundamentally unfair.[19] In reviewing the trial court's confirmation of an arbitration award, we review the trial court's conclusion de novo.[20]

## DISCUSSION

■ One of the grounds for vacating an arbitration award under the FAA is "[w]here there was evident partiality ... in the arbitrators."[21] Thomas James contends that Fournier's nondisclosure of the *Abendana* arbitration and the Kippen lawsuit is evidence of his "evident partiality." Thomas James asserts that the Texas Supreme Court's opinion in *Burlington Northern Railroad v. TUCO Inc.* requires the arbitration award to be vacated on this ground.[22]

In *TUCO*, the supreme court considered whether to vacate an arbitration award on grounds of an arbitrator's evident partiality, based on his failure to disclose certain information. In that case, the TAA, not the FAA, applied.[23] Like the FAA, however, the TAA provides that an arbitration award must be vacated where "there was evident partiality by an arbitrator appointed as a neutral."[24] The *TUCO* court was called on to determine the scope of this standard.[25] In so doing, it considered the approaches taken by various federal and state courts. *TUCO* recognized that courts have generally taken one of two approaches to "evident partiality." Some courts have adopted a narrow standard, such as whether a reasonable person would have to conclude that the arbitrator was partial to a party.[26] Other courts have adopted a broader standard, holding that there is evident partiality when undisclosed facts show a *reasonable impression* of partiality.[27]

■ The supreme court noted that to choose their arbitrators intelligently, parties must have access to all information which might reasonably affect the arbitrator's partiality.[28] This policy of up-front disclosure allows the parties to evaluate any potential arbitrator bias at the outset, rather than shifting the burden to the courts to do so when a dissatisfied party challenges an award.[29] With this policy in mind, the court adopted a broad approach, holding that "a prospective neutral arbitrator selected by the parties or their representatives exhibits evident partiality if he or she does. not disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiali-

17. *International Bank of Commerce–Brownsville v. International Energy Dev. Corp.*, 981 S.W.2d 38, 42 (Tex.App.-Corpus Christi 1998, pet. denied); *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 229 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *see* 9 U.S.C.A. § 9 (West 1999).

18. 9 U.S.C.A. § 10 (West 1999).

19. *International Bank of Commerce–Brownsville*, 981 S.W.2d at 42; *Babcock & Wilcox*, 863 S.W.2d at 229.

20. *Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847, 850 (5th Cir.1995); *Gateway Techs., Inc. v. MCI Telecomms. Corp.*, 64 F.3d 993, 996 (5th Cir.1995); *International Bank of Commerce–Brownsville*, 981 S.W.2d at 43.

21. 9 U.S.C.A. § 10(a)(2) (West 1999).

22. 960 S.W.2d 629 (Tex.1997).

23. *Id.* at 632.

24. TEX. CIV. PRAC. & REM.CODE ANN. § 171.014 (Vernon 1997).

25. *TUCO*, 960 S.W.2d at 632.

26. *Id.* at 633 (citing *Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d Cir.1984)).

27. *Id.* at 634 (citing *Schmitz v. Zilveti*, 20 F.3d 1043, 1046 (9th Cir.1994)).

28. *Id.* at 635.

29. *Id.*

ty." [30] The court emphasized that evident partiality is established from the nondisclosure of such information itself, regardless of whether the nondisclosed information necessarily establishes partiality or bias.[31] We conclude the public policy of encouraging up-front disclosure of possible arbitrator bias or partiality is equally applicable to arbitrations governed by the TAA or the FAA. Therefore, we conclude that the *TUCO* standard should apply to this case.

▪ Thomas James bases its evident partiality argument on its contention that Fournier did not disclose his involvement in the *Abendana* arbitration and the Kippen lawsuit. However, not all instances of nondisclosure constitute evident partiality. Under *TUCO*, Fournier's nondisclosure does not constitute evident partiality unless Fournier's involvement in the *Abendana* arbitration and the Kippen lawsuit "might, to an objective observer, create a reasonable impression of the arbitrator's partiality." [32]

"Partial" means "inclined to favor one party in a cause or one side of a question more than the other." [33] The parties and attorneys involved in the *Abendana* arbitration and the Kippen lawsuit are unrelated to the parties and attorneys involved in this case. Kippen sued all three members of the *Abendana* arbitration panel. He sought to have them recused from that arbitration on various grounds, all arising from the panel's request for additional arbitration fees. Kippen voluntarily dismissed his suit against Fournier less than three weeks after it was filed. Upon reviewing these undisputed facts, we conclude Fournier's involvement in the *Abendana* arbitration and the Kippen suit are not facts that might, to an objective observer, create a reasonable impression of Fournier's partiality in the arbitration that is the subject of this case.[34] In reaching this conclusion, we reject as speculation Thomas James's argument that Fournier, having been sued by a claimant, might "bend over backwards" to favor future claimants; the opposite argument is equally probable. Because Fournier's involvement in the *Abendana* arbitration and the Kippen suit are not facts that might, to an objective observer, create a reasonable impression of Fournier's partiality in the matter before us, Fournier's nondisclosure of these facts: (1) would not constitute evident partiality under *TUCO*; and (2) cannot constitute grounds for vacating the arbitration award under section 10(a)(2) of the FAA.

▪ Thomas James also contends that had Fournier disclosed his involvement in the *Abendana* arbitration and the Kippen lawsuit, Thomas James would have exercised its one allotted peremptory challenge against him.[35] We interpret this argument as an assertion that the trial court should have vacated the arbitration award under section 10(a)(3) of the FAA. Section 10(a)(3) provides that an arbitration award may be vacated where the arbitrators were guilty of "any other misbehavior by which the rights of any party have been prejudiced." [36] Thus, the issue under section 10(a)(3) is whether Fournier's alleged failure to disclose amounted to misbehavior.

By affidavit, Thomas James introduced the NASD Code of Arbitration Procedure

30. *Id.* at 636; *see Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). In *TUCO*, the court set this standard only for those categories of arbitrations where the parties select their arbitrators. *TUCO*, 960 S.W.2d at 636. This case falls into that category as the parties had veto power over the arbitrators.

31. *Id.*

32. *See id.*

33. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1646 (3d ed.1993).

34. *See TUCO*, 960 S.W.2d at 636.

35. *See* NASD, CODE OF ARBITRATION PROCEDURE, Rule 10311 (1996).

36. 9 U.S.C.A. § 10(a)(3) (West 1999).

("NASD Code"). At the hearing before the trial court, and in its appellate brief, Thomas James argued that rule 10312(a) of the NASD Code required Fournier to disclose his involvement in the *Abendana* arbitration and the Kippen suit. As is relevant to this case, rule 10312(a) provides that an arbitrator shall disclose any existing or past financial, business, professional, family, or social relationships that are likely to affect impartiality or might reasonably create an appearance of partiality or bias.[37] We have already concluded that Fournier's involvement in the *Abendana* arbitration and the Kippen suit are not facts which, to an objective observer, might have created a reasonable impression of Fournier's partiality or bias in the matter before us. Thomas James has not shown that NASD rules required Fournier to disclose this information.

Thomas James suggests that Fournier's obligation to disclose the *Abendana* arbitration arose out of the arbitrator disclosure form. The form regarding Fournier is in the appellate record attached as "Exhibit 1" to the affidavit of Michael F. Brown, general counsel for Thomas James. Under a section titled "Arbitrator Public Awards for Closed Cases," the form lists fourteen arbitrations in which Fournier participated, but does not list the *Abendana* proceeding.

Brown's affidavit states that Fournier and the other arbitrators in this case made disclosures to the NASD, and the NASD "provided disclosure forms to the parties." The affidavit further states that Exhibit 1 is a true and correct copy of that disclosure form for Fournier. Thus, Exhibit 1 is the disclosure form the NASD provided to Thomas James, *not* a disclosure form Fournier gave the NASD Director of Arbitration.

Nothing in the NASD Code requires an arbitrator to disclose to the NASD Director of Arbitration all prior arbitration experiences as such. We cannot conclude the arbitrator disclosure form, sent from the NASD to the parties, created such a duty. Because Thomas James has not shown Fournier was required to disclose the *Abendana* arbitration and resulting lawsuit, it has not shown Fournier was guilty of misbehavior by which Thomas James's rights were prejudiced. The trial court did not err in confirming the arbitration award. We overrule Thomas James's first, second, fourth, and fifth points of error.

### THOMAS JAMES'S MOTION FOR A CONTINUANCE

■ Thomas James moved for a continuance. At a hearing on its motion, counsel for Thomas James stated it wanted a continuance to take Fournier's deposition. The trial court denied Thomas James's motion. In its third point of error, Thomas James contends the trial court erred in denying the motion for continuance to permit it to engage in discovery with respect to Fournier's partiality or bias.

■ Granting or denying a motion for continuance is within the trial court's sound discretion.[38] As Thomas James recognizes in its appellate brief, "[w]hether the assertions in the lawsuit were valid or whether the factual statements in the lawsuit were true is of no importance." Instead, as discussed above, the relevant issue was whether the facts not disclosed by Fournier might, to an objective observer, have created a reasonable impression of Fournier's partiality in the Thomas James arbitration.[39] Additional discovery, while possibly relevant to the issue of actual partiality, would not have been relevant to the evident partiality issue. Under the

37. NASD, CODE OF ARBITRATION PROCEDURE, Rule 10312(a) (1996).

38. *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988).

39. *See TUCO,* 960 S.W.2d at 636.

facts of this case, we cannot conclude the trial court abused its discretion in denying Thomas James's motion for continuance. We overrule Thomas James's third point of error.

We affirm the trial court's judgment.