Peacock et ux v. Wave Tec Pools Inc.















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-073-CV

     DANNY HOWARD PEACOCK
     AND KARON GAYOSO PEACOCK,
                                                                              Appellants
     v.

     WAVE TEC POOLS, INC.,
                                                                              Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 49-838-CCL-2
                                                                                                                

OPINION DENYING MOTION FOR REHEARING
                                                                                                                

      Wave Tec, in a motion for rehearing, asserts that our earlier opinion and judgment, which
reformed the trial court’s judgment by eliminating an award to Wave Tec of over $10,500 for rock
removal as beyond the scope of the Agreement to Arbitrate, was wrong. We disagree. Our
earlier opinion was based on the fact that the issue of additional monetary payments due under the
original construction contract is not found in the plain language of the Agreement to Arbitrate that
was signed and initialed by all the parties. We write this opinion to elaborate on the process
through which the scope of the issues to be decided by the arbitrator was agreed upon.
      The standard of review we use in considering a trial court’s confirmation of an arbitration
award is de novo. Executone Information Systems, Inc. v. Davis, 26 F.3d 1314, 1320 (5th Cir.
1994); Thomas James Assocs., Inc. v. Owens, 1 S.W.3d 315, 320 (Tex. App.—Dallas 1999, no
pet.).
      In this motion for rehearing, Wave Tec contends that the Agreement to Arbitrate refers to the
construction contract, which includes a provision for additional payment for “rock removal.” 
Furthermore, as Wave Tec points out, prior to signing the Agreement to Arbitrate at the actual
arbitration, it sent the Better Business Bureau (which was preparing the Agreement and whose
rules of arbitration control under the Agreement) a fax setting forth what it wanted to be included
under the Agreement’s heading: “What the Business Wants.” The fax states in part: “payment
for rock removal incurred during excavation.” Wave Tec also relies on the fact that the Peacocks
objected to the BBB after the arbitration hearing that rock removal was not within the scope of the
Agreement, and the BBB rejected that contention, relying on specific language in the Agreement.
      The language in the Agreement that is argued by Wave Tec and the BBB to impart the
authority upon the arbitrator to award additional monies to the business involved is: “that [the]
pool has been installed within specifications and according to [the] contract between consumer and
business.” This language is under the caption “Nature of Dispute” in the Agreement.
      The Agreement expressly provides: “The arbitrator’s decision will be made in accordance
with the applicable Rules of Arbitration, and may not exceed what is set out in the ‘Decision
Sought’ section of the Agreement.” The “Decision Sought” section states: “New Pool, or
reimbursement of amounts paid, payment by Wave Tec of amount necessary to complete & repair
pool.” Rock removal is not mentioned. Payment to Wave Tec for rock removal is not mentioned. 
In fact, payment to Wave Tec for anything is not mentioned. Nor is the contract for construction
of the pool mentioned in this section of the Agreement. As noted in our original opinion, the BBB
rules that the parties specifically agreed to abide by, limited the arbitrator’s authority to the “scope
of the Agreement to Arbitrate.”
      Both the Peacocks and Wave Tec agreed to the language in the Agreement. The Peacocks,
their attorney, and two representatives of Wave Tec signed the Agreement. In fact, the parties
altered the “Decision Sought” section of the Agreement on the day of the arbitration, and the
Peacocks and the same two Wave Tec representatives, including Wave Tec’s president, initialed
the change.
      We do not comment on whether payment for rock removal could have been arbitrated: that
issue is not before us. But the record — the Agreement itself (which neither party contends is
ambiguous), the BBB rules, and the parties’ signatures and initials — shows that the parties never
agreed to arbitrate the question of payment for rock removal. While the fax from Wave Tec to
the BBB shows that Wave Tec considered raising the issue, it simply was not part of the final
Agreement. Under these circumstances, there is no room for confusion: the scope of the
arbitrator’s decision could not extend to payment of additional monies for rock removal.
      Finally, we find the federal case, Executone Information Systems, Inc. v. Davis, instructive
in response to Wave Tec’s argument that the fax should be considered in determining the scope
of the arbitrator’s authority. Executone, 26 F.3d 1314 (5th Cir. 1994). In determining whether
a particular issue was submitted to the arbitrator, the Executone court concluded that the cross-appellant’s reliance on the correspondence between the parties and the arbitrator to define the
scope of the arbitration was misplaced. Id. at 1323. The court determined that what defined the
scope of the arbitrator’s authority was the unchallenged letter from the arbitrator to the parties
listing the issues to be submitted. Id. It was the plain language in this letter that the court
concluded was broad enough to give the arbitrator the authority to make its award, not prior
communications to the arbitrator from the parties. In the case before us, the language in the
Agreement to Arbitrate is simply not broad enough to include payment for rock removal and prior
correspondence to the BBB, or statements by the BBB after the arbitration award was challenged,
may not be used to expand the arbitrator’s authority.
      Accordingly, Wave Tec’s motion for rehearing is denied.
 
                                                                   TOM GRAY
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Motion for rehearing denied
Opinion delivered and filed April 30, 2003
[CV06]