

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00059-CV

| | | |
|---|---|---|
| In the Interest of W.G.O. III, a minor child | § | From the 360th District Court |
| | § | of Tarrant County (360-394038-05) |
| | § | January 10, 2013 |
| | § | Opinion by Justice Walker |

# JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00059-CV

IN THE INTEREST OF W.G.O. III,
A MINOR CHILD

----------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a January 11, 2012 "Final Order of Modification in Suit Affecting the Parent-Child Relationship." Appellant—W.G.O. III's mother (Mother)—raises four issues on appeal.[2] Appellee is W.G.O. III's father (Father). For the reasons set forth below, we will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]Mother's issues are as follows:

This appeal presents a tortured procedural background: the trial court signed multiple decrees and multiple sets of temporary orders all prior to hearing Father's motion to modify. Mother's first three issues on appeal are premised on her assertion that—for a variety of reasons—a September 6, 2007 "Agreed Final Decree of Divorce" became final before the trial court signed a November 30, 2009 "Final Decree of Divorce" so that Father's September 2010 motion to modify the parent-child relationship and the trial court's January 11, 2012 order

---

1. Mother was entitled to a declaration under the Texas Uniform Declaratory Judgment Act[] that the 2007 Decree was the valid final order, and the trial court erred when it denied Mother's MSJ, because, as a matter of law, the 2007 Decree is the valid, final judgment.

2. The trial court erred when it made further orders after expiration of its plenary power on December 20, 2007, and all orders of the trial court from December 20, 2007 until September 12 or 14, 2010, when jurisdiction was re-acquired, are void because the trial court did not have jurisdiction over the parties or the claims; thus, it was harmful error when, on the date of nonjury trial, the trial court denied Mother's MSJ requesting clarification of jurisdiction.

3. Mother did not have adequate notice that trial would proceed on Father's Motion to Modify and not her Motion to Enforce; thus, Mother was deprived of due process, as well as her constitutional and statutory rights of access to the courts and to have a jury.

4. The trial court's failure to file findings of fact and conclusions of law has harmed Mother because if the trial court was correct in granting Father's Motion to Modify, Mother is not able to determine from the record the bases [sic] for the court's rulings, and this Court should remand to the trial court and order preparation and filing of the requested findings and conclusions.

3

on Father's motion to modify the parent-child relationship can only modify the 2007 decree, not the 2009 decree.

Mother concedes that the trial court possessed jurisdiction to hear Father's motion to modify and to sign the January 11, 2012 order modifying the parent-child relationship. The January 11, 2012 order modifying the parent-child relationship—the order from which this appeal was perfected——sets forth various terms for Mother's and Father's conservatorship and support of W.G.O. III, including the rights and duties of Mother and Father concerning W.G.O. III and Mother's and Father's rights to access and possession of W.G.O. III. Mother raises no challenges to and makes no complaints concerning the January 11, 2012 order modifying the parent-child relationship, other than that it should have modified the 2007 decree instead of what Mother contends is the void 2009 decree. But Mother does not explain on appeal how or why any of the terms in the January 11, 2012 order modifying Mother's and Father's conservatorship and support of W.G.O. III would be different if the trial court was modifying the 2007 decree or the 2009 decree.[3]

---

[3]In the trial court, Mother filed a "Motion for Partial Summary Judgment as to Valid Final Decree," which the trial court denied and—the day after Father filed his motion to modify—a "Motion for Enforcement of Final Decree, and For Judgment and Order," seeking enforcement of the 2007 judgment and a declaratory judgment that the 2007 judgment was "the only Final Decree of Divorce . . . in effect." Although in parts of her first three issues Mother raises complaints concerning the trial court's rulings and failure to rule on these motions, we need not address these contentions by Mother because they are not necessary to our final disposition of this appeal; the trial court's ruling or its failure to rule on whether the 2007 or the 2009 judgment was the final judgment does

4

Mother relies heavily on the case of *In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (orig. proceeding). But *Lovito-Nelson* was an original proceeding in which the supreme court held that a motion for new trial may be granted only by a written, signed order and that in the absence of a written, signed order granting a new trial, the trial court's judgment in *Lovito-Nelson* had become final. *Id.*[4] As previously mentioned, the order appealed from here is the January 11, 2012 order modifying the parent-child relationship; Mother raises no complaints concerning the terms of the modification order and has not argued that the terms of the modification order would have been different if it were modifying the 2007 decree instead of the allegedly void 2009 decree.[5] *Lovito-Nelson*, if relevant, is relevant only to Mother's finality argument; Mother's finality

not impact whether the modifications made by the January 11, 2012 "Final Order of Modification in Suit Affecting the Parent-Child Relationship"—the order appealed here—were proper. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to final disposition of the appeal). In fact, the parties concede the trial court possessed jurisdiction to sign the modification order and make no complaints concerning its terms.

[4]Mother previously filed a petition for writ of mandamus with this court after the trial court signed a written order granting Father's motion for new trial following the entry of the 2007 judgment; a different panel of this court denied her petition, and she did not seek relief from the Texas Supreme Court. *See In re Osborne*, No. 02-08-00127-CV, 2008 WL 1777864, at *1 (Tex. App.—Fort Worth Apr. 17, 2008, orig. proceeding) (mem. op.).

[5]If Mother had challenged the merits of the modification order, we would review it under an abuse of discretion standard. *See, e.g.*, *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982) (recognizing that trial court's order modifying conservatorship is reviewed under an abuse of discretion standard); *In re M.N.G.*, 113 S.W.3d 27, 32 (Tex. App.—Fort Worth 2003, no pet.) (same).

argument concerning the 2007 decree has no bearing on the propriety of the January 11, 2012 modification order appealed from here.  We overrule Mother's first two issues and the portion of her third issue raising her finality arguments.

Also in her third issue, Mother complains that the trial court should have granted her motion for continuance of the hearing on Father's motion to modify.  In her motion for continuance, Mother asserts that the trial court should grant her motion for summary judgment and declaratory judgment, both seeking a ruling that the 2007 decree was the final decree and that she wanted to call a teacher from Antlers, Oklahoma, as a witness and that the teacher was unavailable at the time set for trial.  The motion for continuance indicates that the teacher would testify about the quality of the Choctaw Nation school in Antlers, Oklahoma, and her observations of Mother and Mother's family.  A trial court's action in granting or denying a motion for continuance will not be disturbed on appeal unless the record discloses an abuse of discretion.  *See Gen. Motors Corp. v. Gayle,* 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, pet. denied).  The entire record must be examined in a review for abuse of discretion regarding a motion for continuance. *Garza v. Serrato,* 699 S.W.2d 275, 281 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).  Mother does not argue that the trial court abused its discretion by denying her motion for continuance; she argues that she was "deprived of her opportunity to present her case fully in the modification (or adjudication) of the residence and conservatorship issues, [and

6

was] thus denied her constitutional right to a jury, due process, and to petition for a redress of grievances." Mother and Father were the only two witnesses at the modification trial. We have thoroughly reviewed the entire record, and we cannot conclude that the trial court abused its discretion by denying Mother's motion for continuance. The record shows that Father has always lived in Texas; that W.G.O. III was in kindergarten at the time of the modification hearing and that he had always attended school in Texas; and that Mother moved back and forth between Texas and Antlers, Oklahoma, where she had family and a support system. The quality of the Choctaw Nation schools available to W.G.O. III in Antlers, Oklahoma, both in terms of education and culture, was not in dispute. We hold that the trial court did not abuse its discretion by denying Mother's motion for continuance.

To the extent Mother's third issue also encompasses a claim that she was entitled to a jury trial because she paid a jury fee, Mother waived that right by failing to object to proceeding without a jury when the case was called for trial.[6] *See Walker v. Walker*, 619 S.W.2d 196, 198 (Tex. Civ. App.—Tyler 1981, writ ref'd n.r.e.) (explaining that even if jury demand was made and jury fee paid, party waives right to jury when he fails to object to proceeding without a jury when the case is called to trial; after the trial court rules adversely to a party, he

---

[6]Mother's motion for continuance is titled "Motion for Continuance of 12/17/10 Nonjury Trial Setting," showing that Mother understood the case was to be tried without a jury.

7

cannot complain that he was entitled to have a jury, not the court, decide the fact question).  We overrule the remainder of Mother's third issue.

In her fourth issue, Mother complains that the trial court erred by not making findings of fact and conclusions of law after it signed the January 11, 2012 "Final Order of Modification in Suit Affecting the Parent-Child Relationship." In her brief and in oral argument, Mother argues that findings of fact and conclusions of law are necessary to enable her to determine why the trial court concluded that the 2009 judgment was the final judgment, not the 2007 judgment.  Findings of fact and conclusions of law from the trial court concerning its reasoning in determining that the 2009 judgment was the final judgment will not impact or alter our analysis in this opinion.  Mother has raised no issue challenging the merits of the January 11, 2012 "Final Order of Modification in Suit Affecting the Parent-Child Relationship."  Her only challenge to the modification order is that it recites that it is modifying the 2009 judgment instead of modifying the 2007 judgment.[7]  That recitation in the modification order does not, however,

---

[7]Moreover, the trial court stated on the record its reasons for determining that the 2009 judgment was the final judgment.  It stated,

> All right.  I don't know if the lawyers have seen it, but Judge Lehrmann, back on April 9th, 2008, heard a hearing just on this matter, [the finality of the 2009 judgment,] and has a very extensive docket entry explaining why the 2007 order and the 2009 orders are in play and their roles in this case.
>
> So you're more than welcome, folks, later on to look at her determination that this court can sign a[n] order in 2009 which superseded the '07.  And I'm going to go ahead and take judicial

8

even if erroneous, constitute reversible error. *See* Tex. R. App. P. 44.1(a) (authorizing reversal in a civil case only when error "probably caused the rendition of an improper judgment"). That is, Mother has not raised any complaint concerning any term of the modification order or argued that the trial court abused its discretion in any way by signing the modification order; thus, even if the modification order's recitation of which judgment is being modified is erroneous, Mother has not shown or attempted to argue that the erroneous recitation was calculated to cause or did cause any error in the terms of the modification order. Consequently, the lack of findings of fact in this appeal is harmless because the only issues raised by Mother concern the finality of the 2007 judgment; Mother does not allege that she was prevented from making a proper presentation of any challenge to the merits of the modification order and in fact asserts no complaint at all concerning the merits of the modification order. *See, e.g., Wagner v. Riske*, 178 S.W.2d 117, 120 (Tex. 1944) (explaining that trial court's failure to make properly requested findings of fact and conclusions of law "will not call for a reversal of the trial court's judgment, if the record before the appellate court affirmatively shows that the complaining party has suffered no injury"); *Stubbs v. Stubbs*, 715 S.W.2d 373, 374–75 (Tex. App.—Houston [1st Dist.] 1986, no writ) (same). Because the trial court's failure to make findings of fact and conclusions of law is harmless in this appeal, we decline to abate the

notice of that order that was signed in 2009 by Judge Lehrmann, who is now Justice Lehrmann.

9

appeal for findings of fact and conclusions of law. We overrule Mother's fourth issue.

Having overruled the portions of Mother's four issues necessary to final disposition of this appeal, we affirm the trial court's January 11, 2012 order modifying the parent-child relationship. *See* Tex. R. App. P. 47.1.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: January 10, 2013