# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-20-00153-CV
_____

## IN RE THOMAS N. CAMPBELL, ET AL

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 18-12-15871-CV**

## MEMORANDUM OPINION

Relators Thomas N. Campbell, Christy W. Kolva, Foster Management, L.L.C., and Foster Timber, LTD. filed a petition for writ of mandamus, in which they ask this Court to (1) quash the trial court's orders granting a two-month continuance of relators' application to confirm the arbitration award and permitting the Scatena defendants[1] to conduct post-arbitration discovery, and (2) order the trial

---

[1]The real parties in interest are Robin S. Rouse, Terrill A. Scatena, Sabrina Rouse, Neil F. Campbell, Jr., Benjamin Campbell, and JP Morgan Chase Bank, N.A. We will refer to real parties in interest Robin S. Rouse, Terrill A. Scatena, and Sabrina Rouse as "the Scatena defendants."

1

court to "promptly consider" the final award the arbitrator entered in relators' favor. For the reasons explained herein, we conditionally grant the petition for writ of mandamus.

BACKGROUND

Relators assert that the underlying proceeding was arbitrated pursuant to the rules of the American Arbitration Association ("AAA"). On March 23, 2020, after a thirteen-month arbitration, the arbitrator, Theodore F. Weiss, entered an award in relators' favor "that dissolves a family timber business hobbled by generations of family rancor[]" and orders liquidation of the business. On December 19, 2019, during the pendency of the arbitration, the Scatena defendants' attorney objected by letter to Weiss serving as arbitrator. In the letter, the Scatena defendants asserted that (1) in 1995, Weiss and relators' lead attorney were co-defendants in a case that was reversed on appeal, (2) Weiss and relators' lead attorney, Robin Gibbs, attended the same law school, and they both served on Law Review, although Gibbs was one class year behind Weiss, and (3) Weiss's son practices law at a firm established by lawyers who previously practiced at the firm representing relators. The Scatena defendants argued that the arbitration "may have been materially prejudiced because the Arbitrator is unable to be impartial and independent."

2

Weiss responded that one of his sons knew Marshal Hoda, a second-year associate at relators' counsel's law firm and a member of relator's trial team. Weiss stated that his son and Hoda realized while playing on the same team in a lawyers' basketball league that Hoda was working on an arbitration in which Weiss is the arbitrator, and "[t]hey agreed at that time that they would not discuss the case." Weiss also stated that although both he and Gibbs were on Law Review, he did not recall working with Gibbs on Law Review, but he stated that "it is possible" that he did. Relators responded that Weiss's supplemental disclosure confirmed that there is no basis for questioning Weiss's impartiality, and relators characterized the interactions between Weiss's son and members of relators' law firm as "casual and random" and stated that such interactions "would not lead any reasonable person to question Mr. Weiss's ability to rule impartially[.]"

AAA's Administrative Review Council ("ARC") reviewed the Scatena defendants' objection to Weiss serving as arbitrator, and on January 8, 2020, ARC "determined that Arbitrator Weiss shall be reaffirmed as an arbitrator[.]" ARC explained that its "rule on disqualification provides that an arbitrator shall be subject to disqualification for partiality or lack of independence, inability or refusal to perform his or her duties with diligence and in good faith, and any grounds for

3

disqualification provided by applicable law." ARC also explained that "the AAA's decision regarding an objection to an arbitrator is conclusive."

As discussed above, on March 23, 2020, Weiss entered a final award in relators' favor that dissolved the business and ordered its liquidation. On the same date, relators filed an application to confirm the arbitration award. The Scatena defendants filed an objection to the arbitration award, requested post-arbitration discovery, and moved for continuance, and asked the trial court to schedule the case "for an oral and evidentiary hearing[] rather than submission." Specifically, they asserted that their "rights were prejudiced by the evident partiality of the Arbitrator because the Arbitrator and [relators' law firm] failed to disclose" that Weiss and Gibbs were classmates at law school and peers on Law Review; Weiss's son works for a firm founded by two partners who previously practiced at relators' counsel's firm; and Weiss's son "is friends with Marshal Hoda" and they played on the same basketball team while the arbitration was pending; and Weiss's son has recently been involved in two cases with relators' counsel, Gibbs. The Scatena defendants asserted that they were entitled to post-arbitration discovery to flesh out relevant undisclosed facts regarding its claim of evident partiality. The Scatena defendants also filed a motion to vacate the arbitration award, in which they again asserted, *inter alia*,

4

Weiss's alleged "evident partiality[.]" Real party in interest Neil F. Campbell, Jr. also moved to vacate the arbitration award for alleged evident partiality.

On April 20, 2020, the trial court signed an order granting the Scatena defendants' motion for continuance, in which the trial court ordered that "all [a]pplications related to the arbitration shall be discussed at the Zoom hearing currently scheduled for April 30, 2020[.]"[2] At the Zoom hearing on April 30, relators' counsel argued that the Scatena defendants first raised the issue of evident partiality on the eve of final argument in the arbitration proceeding, and he explained that the Scatena defendants' objection was based upon counsel's attendance at law school with Weiss fifty years ago, where they might have worked together on Law Review, and that Weiss's son played on a recreational basketball team with Marshal Hoda. Relators' counsel asserted that the ARC reviewed the matter and determined that no evident partiality existed, and that ARC's ruling is conclusive. According to relators' counsel, the Scatena defendants did not cite "to a single case on anything like these facts permitting discovery and not a single case has ever suggested that you would reverse an ARC determination." The Scatena defendants' counsel asserted that they desired to depose Hoda, and relators' counsel argued that the

---

[2]Relators' application to confirm the arbitration award was included within the scope of the trial court's April 20 order.

5

Scatena defendants had not demonstrated materiality or financial interests that have "anything to do with partiality." Relators' counsel argued that the parties committed to arbitrate the issue of partiality.

Relators' counsel filed a motion for protective order, in which counsel asserted, among other things, that (1) the AAA's rejection of the Scatena defendants' partiality theories precludes their reconsideration by the trial court and renders their discovery requests irrelevant; (2) the Scatena defendants' partiality theories are legally invalid, and their discovery requests are therefore immaterial; and (3) the Scatena defendants have not provided clear evidence of impropriety, which "is required to conduct post-arbitration discovery[.]" In response to the motion for protective order, the Scatena defendants asserted that each of their requests seek discovery regarding the undisclosed relationships between Weiss and his sons with relators' firm, "which infected the arbitration process." They also argued that relators' law firm "did not disclose that Marshal Hoda would be involved in this proceeding. In fact, . . . they did not involve Mr. Hoda in this case until April 2019, once the Arbitrator's appointment was inevitable."

On June 3, 2020, the trial court conducted a hearing on various matters, including the motion for protection. Relators' counsel argued at the hearing that he sought "to quash the discovery that has been issued across the board to Gibbs &

Bruns, to the arbitrator Ted Weiss, to the Frizzell firm, King & Spalding, Jim Weiss, David Weiss, and Marshal Hoda for a deposition." Relators' counsel asserted at the hearing that the requested discovery is legally irrelevant and "therefore, impermissible and/or unavailable." According to relators' counsel, ARC's ruling is dispositive because the Scatena defendants "do not attack the partiality of the five independent ARC officials, which is a predicate."

During the hearing, the following colloquy occurred between the trial judge and relators' counsel:

> [TRIAL COURT]: Your position is really they can't get there from here. It matters not how much discovery they do. As a matter of law, these relationships will be insufficient and, consequently, there is no need to belabor the point. It makes the discovery irrelevant.
> But what if there is enough there to sort of create some concern, some suspicion, and the discovery might yield something more? Does that fit within those rare cases? . . . What . . . does it take to have that clear indication of evident partiality to open the door to discovery?
> [RELATORS' COUNSEL]: It's certainly not what you see here. . . . And . . . the case law that you've seen, it says on the merits, here is how little discretion we have to look at anything on the merits, including wrong on the law, wrong on the facts, decided it wrong[,] . . . applied the law wrong. Those same rules apply there, except you can't even review the ARC. It operates as a separate and independent tribunal, and the only way you get to second-guess it is you've got to prove . . . there is something wrong, from a partiality basis[,] there as well.

The Scatena defendants' counsel argued that the parties agreed to arbitrate with the AAA, but "[t]here is no agreement to abide by the ARC decision at all." Relators'

7

counsel responded that AAA rules 18(a) through (c) govern, and relators' counsel also asserted that no court "has ever ordered post-arbitration discovery on a law school overlap theory or vicarious partiality theory."

The trial judge stated as follows during the hearing:

> [I]f what we're focused on are non-disclosures and . . . what this discovery is, in my view, is a way to take the next step, to say we know that this was not disclosed. We now know this relationship exists.
>
> So let's see what that relationship really looks like when we examine it under a microscope to see if this . . . non-disclosure is heinous. There is . . . money going back and forth between these firms. There's communications between Mr. Hoda and Mr. Weiss. I'm not saying that. It's a hypothetical. But . . . that's kind of the way that this discovery is going, is to see if once you examine the non-disclosed thing, . . . it yields evidence of wrongdoing, essentially. Maybe even innocent wrongdoing[.]

On June 4, 2020, the trial judge signed a protective order that denied the Scatena defendants' subpoena and notices of intent to take deposition by written questions of (1) arbitrator Theodore Weiss and the Weiss law firm, (2) the law firm of Reynolds Frizzell, (3) Jim Weiss, (4) David Weiss, (5) Marshal Hoda, and (6) Gibbs & Bruns, but ordered the oral deposition of Marshal Hoda on June 11, 2020. The order provided that Hoda's deposition must not exceed two hours in length and would be "limited in scope to inquiries pertinent to the facts alleged in the Motion to Vacate the Arbitration Award."

8

Relators filed a petition for writ of mandamus and a motion for emergency relief, and this Court entered an order staying all proceedings. In their petition for writ of mandamus, relators argue that (1) the trial court abused its discretion by ordering the live deposition of a party's trial counsel to address a non-viable partiality theory; (2) a party is bound by the ARC's conclusive rejection of theories of evident partiality when the party does not challenge the ARC's decision; (3) the trial court abused its discretion by ordering a post-arbitration deposition of a second-year associate on relators' trial team in the absence of evidence that the arbitrator acted improperly; and (4) the trial court abused its discretion by delaying considering relators' application to confirm the final award by two months to permit post-arbitration discovery regarding theories of evident partiality.

## ANALYSIS

Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000 (orig. proceeding). A trial court abuses its discretion when its ruling is "'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no discretion

9

in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *see Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 322 (Tex. App.—Dallas 1999, no pet.) (holding that, with respect to discovery regarding evident partiality of an arbitrator, it is within the trial court's sound discretion to to grant or deny a motion for continuance).

An arbitrator's "[e]vident partiality is established by the nondisclosure of 'facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality', regardless of whether the nondisclosed information necessarily shows partiality or bias." *Forest Oil Corp. v. El Rucio Land and Cattle Co., Inc.*, 518 S.W.3d 422, 431 (Tex. 2017) (quoting *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 524 (Tex. 2014)). "However, if an objective observer could not believe the undisclosed information might create a reasonable impression of partiality, the information is trivial[,] and the arbitrator did not exhibit partiality by failing to disclose it." *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 844 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Although an arbitrator should err in favor of disclosure, he is not required to disclose trivial matters. *Burlington N. RR. Co. v. TUCO, Inc.*, 960 S.W.2d 629, 637 (Tex. 1997). An arbitrator is only required to disclose material facts, and the consequences of the arbitrator's nondisclosure should be directly tied to the

10

materiality of the unrevealed information. *Sebastian v. Wilkerson*, No. 09-18-00223-CV, 2019 WL 470087, at \*3 (Tex. App.—Beaumont Feb. 7, 2019, no pet.). A familial or close social relationship might reasonably affect the arbitrator's impartiality, and a party should have access to such information. *Id*. An arbitrator's alleged partiality "must be direct, definite, and capable of demonstration rather than remote, uncertain, and speculative." *Id*.

The Scatena defendants argue that the "uncontradicted evidence" showed that Weiss's son and one of relator's attorneys "are friends and teammates;" Weiss "engaged in conversation(s) with his son about the pending arbitration and the son's relationship with Relators' attorney . . .;" and "[n]one of this was disclosed until after the Final Hearing in the Arbitration." We disagree. Rather, the evidence merely demonstrates that Weiss's son and Hoda are social acquaintances who played a few games together as members of a recreational basketball team; Weiss's son and Hoda conversed enough to ascertain that Weiss was serving as arbitrator, and they agreed not to discuss the case; and Weiss and relators' lead attorney, Gibbs, attended the same law school one year apart decades ago, and both served on Law Review. We conclude that such connections are distant, trivial, and attenuated, and they are immaterial because they would not create in an objective observer a reasonable impression of the arbitrator's partiality. *See Forest Oil Corp.*, 518 S.W.3d at 431;

11

*TUCO, Inc.*, 960 S.W.2d at 637; *Sebastian*, 2019 WL 470087, at \*2-4 (concluding that a party's attorney and the arbitrator's status as friends on Facebook, membership in the same local bar association, and a campaign contribution from the arbitrator to a party's attorney did not create bias or the appearance of impropriety as to arbitrator).

Because the complained-of connections between (1) Weiss and Gibbs and (2) Weiss's son and Hoda are trivial and immaterial, we conclude that Weiss was not required to disclose them, and the trial court abused its discretion by continuing the case and permitting a deposition of Hoda. *See Forest Oil Corp.*, 518 S.W.3d at 431; *TUCO, Inc.*, 960 S.W.2d at 637; *Sebastian*, 2019 WL 470087, at \*2-4. Moreover, because we have concluded that the information was trivial and Weiss was not required to disclose it, we need not address relators' complaints regarding the alleged conclusiveness of the ARC's ruling, as it would not result in greater relief. *See* Tex. R. App. P. 47.1.

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its orders of April 20, 2020, and June 4, 2020, granting a continuance and ordering the deposition of Hoda, and we will issue the writ only if the trial court does not vacate its orders.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 22, 2020
Opinion Delivered December 10, 2020

Before McKeithen, C.J., Horton and Johnson, JJ.