EUROCAPITAL GROUP LTD. and Neftetech International, Appellants,

v.

GOLDMAN SACHS & COMPANY, William Miller, Michael Dawson, James Milligan, and Jerome Wattenberg, Appellees.

No. 01–99–00555–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 2000.

George D. Gordon, Conroe, Kurt Arbuckle, Houston, for appellant.

Ronald D. Secrest, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and SMITH.*

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

DAVIE L. WILSON, Justice.

Appellants, Eurocapital Group Ltd. and Neftetech International, petitioned the district court for vacation of an arbitration award in favor of appellees, Goldman Sachs & Company, William Miller, Michael Dawson, James Milligan, and Jerome Wattenberg.[1] Appellees answered and filed a motion for summary judgment. The district court granted the motion, dismissing all claims against appellees. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants are businesses engaged in investing foreign funds in the United States. Eurocapital is incorporated in the United Kingdom; Neftetech, in Ireland and Hong Kong. In 1992, Eurocapital opened an account with Goldman & Sachs with an initial investment of $12,000,000. In 1993, Neftetech opened an account with $1,035,000. Miller, Dawson, Milligan, and Wattenberg were the registered independent representatives with whom Eurocapital and Neftetech did business. The arbitration provision in the Eurocapital cash account agreement provided:

(a) Arbitration is final and binding on the parties.

(b) The parties are waiving their right to seek remedies in court, including the right to a jury trial.

(c) Pre-arbitration discovery is generally more limited than and different from court proceedings.

(d) The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.

(e) The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

Any controversy between you or any of your affiliates or any of your or their partners, officers, directors or employees on the one hand, and the Customer on the other hand, arising out of or relating to this Agreement or the accounts established hereunder, shall be settled by arbitration, in accordance with the rules then obtaining of any one of the American Arbitration Association or The New York Stock Exchange, Inc., or any other exchange of which you are a member, or the National Association of Securities Dealers, Inc. or The Municipal Securities Rulemaking Board Customer may elect. If Customer does not make such election by registered mail addressed to you at your main office within ten (10) days after receipt of notification from you requesting such election, then Customer authorizes you to make such election on behalf of Customer. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.[2]

---

1. The statement of claim for arbitration, the pleadings, and the judgment in the district court refer to "Neftetech" and "Goldman Sachs & Company," rather than "Neftech" and "Goldman Sachs & Company, Inc.," as used in the notice of appeal and in this Court. Consistent with the judgment, we refer to the parties as "Neftetech" and "Goldman Sachs & Company," and assume they are the parties to the present appeal.

2. The cash account agreement also provided, "This agreement and its enforcement shall be governed by the laws of the State of New York and its provisions shall cover individually and collectively all accounts which Customer may maintain with you." Neither party argues that this general choice of law provision required that New York arbitration law govern the arbitration or subsequent proceedings. Cf. Texas Commerce Bank v. Universal Tech. Inst. of Texas, Inc., 985 S.W.2d 678, 679 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (arbitration clause required arbitrators to apply Texas law).

After the initial investments, appellants invested additional amounts, but incurred substantial losses. Appellants filed a claim in arbitration with the National Association of Securities Dealer, Inc. ("NASD"), and requested a hearing in Houston, Texas. Appellants alleged misrepresentation, breach of fiduciary duty, unsuitability, failure to supervise, excessive trading, negligence and gross negligence, common-law fraud, and violation of the Texas Deceptive Trade Practices and Consumer Protection Act.[3] Three NASD arbitrators heard the case in 23 sessions between August 18 and December 15, 1997. On February 27, 1998, they served the award on the parties, dismissing appellants' claim in its entirety, with prejudice.

On December 29, 1998, appellants filed their original petition in district court asking the court "for an Order Vacating an Arbitration Award under the Federal Arbitration Act." Appellants alleged the award "was the product of such gross mistake as to imply bad faith or a failure to exercise an honest judgment in that there was a manifest disregard of the law by the arbitrators." Appellants stated that they "were seeking redress based on violations of state and federal law with respect to the purchase of interest sensitive preferred stocks and interest-sensitive [sic] proprietary derivative [sic]," and directed the district court's attention to the following statement in the award: "Although Claimants originally brought this claim for trading in common stocks generally, the claim was reduced to losses relating to two specific common stocks at the hearing." Appellants claimed this statement showed "such a manifest disregard for the facts of the case and the applicable law that the Award must be vacated." In their first amended original petition, appellants added the allegation that the arbitrators' conduct and the resulting award were against public policy and were arbitrary and capricious.

Appellees answered, alleging that (1) the petition to vacate the award was not justiciable because it was filed after the statutory limitation period applicable to motions to vacate under the Federal Arbitration Act ("FAA") and (2) the petition failed to state a claim that, if true, would support vacation of the award. Appellees also filed a motion for summary judgment under Texas Rule of Civil Procedure 166a(b). Appellees reasserted the limitations claim and alleged that, as a matter of law, appellants had misread the award, ignoring language that demonstrated appellants' claims were baseless. The district court granted the motion ordering that all claims against appellees be dismissed with prejudice.

## DISCUSSION

In two related points of error, appellants challenge the district court's grant of summary judgment. In point of error one, appellants contend the district court erred if it granted summary judgment on the ground of limitations. In point of error two, appellants contend the district court erred if it granted summary judgment either on a no-evidence basis or on the basis that no genuine issue of material fact existed.

The party that seeks to vacate an arbitrator's award has the burden in the trial court of bringing forth a complete record and establishing any basis that would warrant vacating the award. *Kline v. O'Quinn*, 874 S.W.2d 776, 790 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Because arbitration is favored as a means of dispute resolution, courts indulge every reasonable presumption in favor of upholding the award. *Wetzel v. Sullivan, King & Sabom, P.C.*, 745 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1988, no writ). In the present case, the appeal is from a summary judgment, and we apply

3. *See* Tex. Bus. & Com.Code Ann. § 17.41—.63 (Vernon 1987 & Supp.2000). In addition to alleging common-law violations and viola- tions under the Business and Commerce Code, appellants alleged violations of federal and state securities laws, too numerous to list.

the summary judgment standard. *See Teleometrics Int'l, Inc. v. Hall,* 922 S.W.2d 189, 193 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (distinguishing standard of review in cases when appeal is from grant of summary judgment from standard when appeal is from judgment confirming award).

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we take as true evidence favorable to the non-movant. *Nixon,* 690 S.W.2d at 548–49. We must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *Id.* at 549. Summary judgment is proper when a plaintiff's allegations cannot constitute a cause of action as a matter of law. *Maranatha Temple, Inc. v. Enterprise Prods. Co.,* 893 S.W.2d 92, 98 (Tex.App.—Houston [1st Dist.] 1994, writ denied). When the order granting summary judgment does not specify the ground on which the trial court is relying, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

**Limitations.** It is undisputed that appellants filed their petition to vacate the award 10 months after the award was served on the parties. Appellants argue

that the ground they asserted for vacating the award was a common-law ground; that, therefore, common-law, not statutory limitations govern; and that the state statutory residual four-year limitations period should apply. Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997). Appellees argue that the limitation provision of the FAA applies. Under the FAA, notice of a motion to vacate an award must be served on the adverse party within three months after the award is filed or delivered. 9 U.S.C.A. § 12 (West 1999).[4] We hold that the three-month limitation of the FAA applies under the facts of this case.

■ The contract containing the arbitration provision in this case is an account agreement dealing with the sale of securities. As such, the agreement involves interstate commerce, and the FAA applies to the present dispute. *Thomas James Assocs., Inc., v. Owens,* 1 S.W.3d 315, 319 (Tex.App.—Dallas 1999, no pet.); *see also Williams v. Cigna Fin. Advisors,* 56 F.3d 656, 659 (5th Cir.1995) (reasoning that, because U–4 Registration was contract involving sale of securities, it thus involved commerce). We also note that appellants stated in their pleadings that they were seeking relief under the Federal Arbitration Act.

■ Section 2 of the FAA is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).[5] The effect of section

---

**4.** Under the Texas General Arbitration Act ("TGAA"), a party must make application to vacate an award not later than the 90th day after the date a copy of the award is delivered to the applicant. Tex. Civ. Prac. & Rem.Code Ann. § 171.088(b) (Vernon Supp.2000). If the party is claiming "the award was obtained by corruption, fraud, or other undue means," the party has until the 90th day after the date the grounds in the application were known or should have been known. Tex. Civ. Prac. &

Rem.Code Ann. § 171.088(a)(1), (b) (Vernon Supp.2000).

**5.** Section 2 of the FAA provides: "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2 (West 1999).

2 is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Cone*, 460 U.S. at 24, 103 S.Ct. at 941.

The same statute that, in section 10, set forth the grounds for vacating an arbitration award also set forth, in section 12, the period for bringing such challenges in the federal district court. Act of July 30, 1947, ch. 392, Pub.L. No. 282, §§ 10, 12, 61 Stat. 669, 672–73 (codified at 9 U.S.C. §§ 10, 12).[6] FAA section 12 provides, "Notice of a motion to vacate . . . an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12 (West 1999).

■ When the very statute that creates a right of action incorporates an express limitation on the time within which the suit can be brought, the statute of limitation is considered substantive. *Hill v. Perel*, 923 S.W.2d 636, 639 (Tex.App.—Houston [1st Dist.] 1995, no writ). Furthermore, we view FAA sections 10 and 12 together as part of an enforcement scheme intended to promote the federal policy favoring arbitration when the underlying contract concerns interstate commerce.

*See* Zhaodong Jiang, *Federal Arbitration Law and State Court Proceedings*, 23 Loy. L.A. L. Rev. 473, 526 (1990); *see also Tampa Motel Management Co. v. Stratton of Florida, Inc.*, 186 Ga.App. 135, 366 S.E.2d 804, 808 (1988) (applying federal limitations period). *But see Atlantic Painting & Contracting, Inc. v. Nashville Bridge Co.*, 670 S.W.2d 841, 846 (Ky.1984) (concluding limitations provision was procedural and not applicable in state proceedings). We hold that the three-month limitation period of FAA section 12 applies to the present case.[7]

■ Accordingly, we reject appellants' contention that, because they asserted a common-law ground for vacating the award, the state statutory residual four-year limitation period should apply. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997). The longer period is not consistent with even the common-law rule that favors arbitration and indulges every reasonable presumption in favor of upholding an award. *See House Grain Co. v. Obst*, 659 S.W.2d 903, 905 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Appellants have cited no case that supports their position. At oral argument,

---

**6.** Section 10 provides that an award may be vacated on the following grounds:

　　(1) Where the award was procured by corruption, fraud, or undue means.

　　(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

　　(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

　　(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

　　(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C.A. § 10(a) (West 1999). In addition, some federal courts have adopted the federal common-law doctrine of manifest disregard in conjunction with the FAA. *See International Bank of Commerce–Brownsville v. International Energy Dev. Corp.*, 981 S.W.2d 38, 48 (Tex. App.—Corpus Christi 1998, pet. denied) (citing cases), *cert. denied*, —— U.S. ——, 120 S.Ct. 982, 145 L.Ed.2d 932 (2000).

**7.** The court of appeals for the fourteenth district appears to have concluded the federal limitation period would apply to actions brought in state court. *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 236 (Tex. App.—Houston [14th Dist.] 1993, writ denied). The court held that Babcock's failure to pay an award within 30 days after it was rendered, as required by the award, did not constitute a breach because Babcock moved to vacate and/or modify the award three days after it was rendered. In this context, the court observed that, under 9 U.S.C. section 12, Babcock had three months to bring a motion to vacate. *Id.*

432

appellants argued that the case most closely approximating theirs is *Mian v. Donaldson, Lufkin, & Jenrette Securities Corp.*, 7 F.3d 1085 (2nd Cir.1993). Mian sued in district court alleging that the defendants had discriminated against him because of his race during arbitration proceedings. His suit, therefore, was a civil rights action under 42 United States Code sections 1981, 1985(3), and 1986, not a suit challenging the arbitration award. The second circuit held that the limitations periods applicable to sections 1981, 1985, and 1986 applied in the case before it, even though a major component of Mian's damages would consist of the amount of the arbitration award. *Id.* at 1087. In contrast to *Mian,* appellants' suit in this case was, by appellants' own representation, a suit under the Federal Arbitration Act.

We hold that appellants' petition to vacate the award was not timely, and they have forfeited their right to judicial review of the award. *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981); *cf. Teleometrics Int'l.,* 922 S.W.2d at 192 (90-day period under state arbitration act is limitations period after which party has no right to petition court to vacate arbitration award).

We overrule appellants' point of error one. Because the limitations theory advanced in the motion for summary judgment is meritorious, we need not address appellants' point of error two. *State Farm Fire & Cas. Co.*, 858 S.W.2d at 380.

We affirm the judgment.