COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-294-CV
 
  
CONNIE L. BRUST                                                                 APPELLANT
  
V.
  
MBNA AMERICA BANK, N.A.                                                     APPELLEE
 
 
------------
 
FROM COUNTY COURT AT LAW NO. 2 
OF DENTON COUNTY
 
------------
MEMORANDUM OPINION[1]
------------
        Connie 
L. Brust appeals from the trial court’s confirmation of an arbitration award 
in favor of MBNA America Bank, N.A.  In two issues, Brust complains that 
the trial court erred in granting MBNA’s motion to confirm the arbitration 
award and abused its discretion by striking Brust’s discovery requests.  
We will affirm.
        In 
2002, MBNA submitted its claim against Brust for credit card debt to the 
National Arbitration Forum (NAF) for arbitration.  Although NAF provided 
Brust notice of the arbitration proceeding, she did not participate in the 
arbitration.  On January 28, 2003, the arbitrator found that an agreement 
to arbitrate existed and issued MBNA an award for $16,295.90.
        MBNA 
moved to confirm the arbitration award under the Federal Arbitration Act.[2]  In response, Brust denied that an agreement to 
arbitrate existed and asserted that confirming the arbitration award would 
violate her constitutional rights.  Brust also sought discovery from MBNA. 
MBNA filed a motion to strike Brust’s discovery requests, which the trial 
court granted.  In addition, after a hearing, the trial court granted 
MBNA’s motion to confirm the arbitration award.  This appeal followed.
        In 
her first issue, Brust asserts that the trial court erred by confirming the 
arbitration award because there is no evidence that she ever agreed to submit to 
arbitration.  In her second issue, Brust contends that the trial court 
abused its discretion by striking her discovery requests.
        We 
apply a de novo standard of review to the trial court’s confirmation of an 
arbitration award under the FAA.[3]
        The 
nonexistence of an arbitration agreement is not one of the grounds upon which an 
arbitration award may be vacated under the FAA.[4]  
Further, a party seeking to vacate an arbitration award thereunder must do so 
within three months after the award is filed or delivered.[5]  
In this case, the arbitration award was filed on January 28, 2003, but Brust did 
not seek to vacate it until nearly seven months later, on August 22, 2003.  
Therefore, Brust’s attempts to vacate the arbitration award under the FAA are 
time-barred.[6]
        Brust 
contends, however, that she can also challenge the arbitration award on 
common-law public policy grounds.[7]  She asserts 
that, to confirm the arbitration award without a court of law determining 
whether a valid agreement to arbitrate existed between her and MBNA, and without 
allowing her to conduct discovery concerning the existence of such an agreement, 
violates her rights to due process and due course of law under the United States 
and Texas Constitutions, respectively.[8]
        But 
a court of law has determined that an agreement to arbitrate existed 
between the parties.  In its findings of fact, the trial court found that 
Brust and MBNA had an agreement to arbitrate under the MBNA cardholder 
agreement, and the record supports this finding.  Burst’s own evidence 
shows that she had opened two credit card accounts with MBNA in 1999, one of 
which had a balance of $13,259 and a monthly payment of $177 in June 2001.  
In addition, MBNA attached a copy of the arbitration provision in its cardholder 
agreement, supported by the affidavit of its attorney who was the records 
custodian for Brust’s MBNA account, to its motion to confirm the award.
        The 
FAA does not require that arbitration clauses be signed, so long as they are 
written and agreed to by the parties.[9]  In this 
case, although Brust averred by affidavit that she had never entered into an 
arbitration agreement with MBNA, her use of her MBNA credit card was evidence of 
her agreement to the arbitration provision in the cardholder agreement.[10]  Accordingly, the trial court did not err by 
confirming the arbitration award.[11]
        Further, 
because the record supports the trial court’s finding regarding the agreement 
to arbitrate, the court did not abuse its discretion by striking Brust’s 
discovery requests.[12]  We overrule Brust’s 
issues and affirm the trial court’s judgment.
   
   
                                                                  PER 
CURIAM
  
  
  
PANEL A:   CAYCE, 
C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DELIVERED: May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See 9 U.S.C.A. § 9 (West 1999).
3.  
See Gateway Techs., Inc. v. MCI Telecomm. Corp., 64 F.3d 993, 996 (5th 
Cir.1995); Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P., 
105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).
4.  
See 9 U.S.C.A. § 10(a) (West Supp. 2004).
5.  
Id. § 12 (West 1999).
6.  
See Eurocapital Group, Ltd. v. Goldman Sachs & Co., 17 S.W.3d 426, 
430 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating that FAA’s 
three-month deadline is a limitation provision).  This includes Brust’s 
ground for vacatur, raised in her reply brief, that the arbitrator “exceed[ed] 
the express limits of his contractual mandate.”  See 9 U.S.C.A. § 
10(a)(4) (providing for vacatur when arbitrators exceed their powers).
7.  
See Williams v. Cigna Fin. Advisors, Inc., 197 F.3d 752, 758 (5th Cir. 
1999), cert. denied, 529 U.S. 1099 (2000); see also CVN Group, Inc. v. 
Delgado, 95 S.W.3d 234, 239 (Tex. 2002) (holding that arbitration award 
cannot be set aside on public policy grounds except in extraordinary case in 
which award clearly violates carefully articulated, fundamental policy).
8.  
See U.S. Const. amends. V, 
XIV, § 1; Tex. Const. art. I, § 
19.
9.  
See In re Advance PCS Health, L.P., 48 Tex. Sup. Ct. J. 584, 2005 WL 
856961, at *2 (Tex. April 15, 2005) (per curiam).
10.  
See, e.g., In re Halliburton Co., 80 S.W.3d 566, 569 (Tex. 2002) (holding 
arbitration clause was accepted by continued employment), cert. denied, 
537 U.S. 1112 (2003); Stinson v. America’s Home Place, Inc., 108 F. 
Supp. 2d 1278, 1283 (M.D. Ala. 2000) (holding that nonsigning party manifested 
assent to contract by performing thereunder).
11.  
See Gateway Tech., 64 F.3d at 996; Tanox, 105 S.W.3d at 250.
12.  
See Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002) (holding 
that abuse of discretion does not occur as long as some evidence of substantive 
and probative character supports trial court’s decision).