**Opinion issued May 9, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-00092-CV

———————————

**GONZALO SALDANA, Appellant**

**V.**

**ESTELA SALDANA, Appellee**

---

**On Appeal from the 13th District Court**
**Navarro County, Texas[1]**
**Trial Court Case No. 10-19768-CV**

---

**MEMORANDUM OPINION**

Gonzalo Saldana appeals the trial court's final decree of divorce ordering

him to sign instruments creating a security interest in favor of his wife on property

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas. Misc. Docket No. 12-9008 (Tex. Jan. 10, 2012); *see* TEX. GOV'T CODE ANN. § 73.001 (West 2005) (authorizing transfer of cases).

awarded to him in the divorce. During the underlying divorce suit, Gonzalo and his ex-wife, Estela Saldana, reached a Mediated Settlement Agreement (MSA), which included an agreement to arbitrate disputes concerning the interpretation of the agreement. *See* TEX. FAM. CODE ANN. §6.602 (West 2006). After a dispute arose, the parties submitted it to the arbitrator. The arbitrator rendered an award in Estela's favor, and the trial court rendered a final decree of divorce that conformed to the arbitrator's award. Gonzalo contends that the arbitration was procedurally flawed and that the arbitrator and the trial court erroneously added to the mediated settlement agreement new terms to which he never agreed. We affirm.

## Background

In December 2010, Gonzalo filed for divorce from Estela. Estela answered and filed a counter-petition for divorce. On April 15, 2011, Gonzalo and Estela reached an MSA. In the MSA, Gonzalo and Estela agreed on the division of their community estate. Gonzalo agreed to pay Estela $2.6 million in two installments: $100,000 by April 25, 2011, and the $2.5 million balance by June 25. The parties agreed that Gonzalo was to resume exclusive possession and operation of his business upon payment of the $100,000 and that Estela would vacate the community's homestead upon receipt of the $2.5 million balance. The provision of the MSA that gave rise to the dispute states:

> Payment of all sums payable hereunder shall be secured by all property awarded Husband and such property may not be sold or

2

transferred prior to full payment of the [$2.6 million] unless all sales proceeds are transferred directly from the Title Company closing the transaction into the escrow account of [Estela's attorney].

Additionally, paragraph 19 of the MSA provides that if "any dispute arises with regard to the interpretation of this agreement, or as to the drafting of documents necessary to effect this agreement," it would be referred to the mediator for arbitration.

A few days after Gonzalo agreed to the MSA, he paid Estela $100,000. However, Gonzalo did not pay $2.5 million by June 25, 2011. Accordingly, on June 30, Estela filed a motion for judgment under the MSA. Estela asked that Gonzalo "be ordered to sign a security instrument as to all personal property awarded to him, real estate lien note, and Deed of Trust," and she attached a proposed decree of divorce creating a lien against property awarded to Gonzalo to secure the payment due to her. Gonzalo responded to the motion, disputing Estela's interpretation of the agreement and asserting that she sought greater relief than the MSA provided. Gonzalo asked the trial court to refer the dispute to the arbitrator.

The parties submitted position papers to the arbitrator in early August. After Estela renewed her motion for judgment on the MSA, the arbitrator conducted a telephone conference with the parties' counsel on September 23, 2011. The arbitrator announced his decision but did not issue a written award at that time.

3

On September 30, Gonzalo's counsel sent an email to Estela's counsel acknowledging receipt of a proposed decree of divorce. In it, Gonzalo's counsel acknowledged the arbitrator's ruling at the "arbitration telephone conference," continuing: "Obviously, we both agree that the prior Decree version now has to be changed to incorporate [the arbitrator's] decisions." He referenced the drafting and execution of "additional documents, i.e. Deed of Trust." Gonzalo's counsel also suggested possible dates for entry of the decree.

On October 7, 2011, Estela again moved for entry of a final decree of divorce and submitted a proposed decree incorporating the arbitrator's award. The decree created an equitable lien on property awarded to Gonzalo and ordered him to sign a note, a deed of trust, and a security agreement covering the property to secure the $2.5 million payment owed to Estela.

The hearing to enter the decree was set for October 12. On October 11, at about 4:30 p.m., the arbitrator issued a written award. The arbitrator found that the $2.5 million owed to Estela was secured by a lien on all property awarded to Gonzalo and that Gonzalo was required to execute a note, a deed of trust, and a security agreement to carry out the parties' agreement.

At the next day's hearing, Gonzalo objected to entry of the divorce decree on the grounds that no "trial arbitration" under Chapter 171 of the Texas Civil Practice and Remedies Code was held:

4

. . . [U]nder Chapter 171, Section 171.047 where the parties are entitled to be heard, present evidence, and cross-examine witnesses. I will submit to the Court, and I believe [Estela's counsel] would agree, that all that was done was there was a telephone hearing with [the arbitrator]. There has been no, there has been no trial arbitration under Rule 171. And we believe that the Court is compelled to stay these proceedings and then order that the arbitration comply with Chapter 171 of the Texas Civil Practice and Remedies Code.

Gonzalo also objected that receiving the award after 4:30 p.m. the day before the trial court rendered judgment left him with insufficient time to move to vacate or modify the award under the Texas General Arbitration Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 171.001–.098 (West 2011). Finally, Gonzalo objected because "the arbitrator's award and the proposed judgment do not comply with the mediated settlement agreement. The terms that are in [Estela's] proposed decree, as well as the arbitrator's award, are not included in the mediated settlement agreement."

On October 13, the trial court rendered judgment conforming to the arbitrator's award. Gonzalo requested findings of fact and conclusions of law and, later, filed a motion for new trial. In his motion for new trial, Gonzalo argued the arbitration award should be vacated because the arbitrator exceeded his powers by deciding issues that the parties did not agree to arbitrate. The motion for new trial was overruled by operation of law. Gonzalo appeals.

### Standard of Review

Texas law favors arbitration. *Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 463 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing

*IPCO—G. & C. Joint Venture v. A.B. Chance Co.*, 65 S.W.3d 252, 255 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Arbitration is favored as a means of dispute resolution; courts must therefore indulge every reasonable presumption in favor of upholding an arbitration award and make no presumptions against it. *Id.* (citing *IPCO—G. & C. Joint Venture*, 65 S.W.3d at 256). "An arbitration award has the same effect as a judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for the arbitrator's merely because the court would have reached a different decision." *Id.*

Under the TAA, on application by a party, the trial court "shall" confirm an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087; *see Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 442 (Tex. App.—Houston [14th Dist.] 2005, no pet.). As pertinent to this appeal, a trial court shall vacate an arbitration award upon a showing that "the arbitrators . . . (A) exceeded their powers . . . [or] (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A), (D).

6

**Discussion**

## A. Method of Conducting Arbitration

Gonzalo argues that the arbitration award should be vacated because the arbitrator did not conduct the arbitration hearing as required by sections 171.044 and 171.047 of the Texas Civil Practice and Remedies Code. Section 171.044 provides, generally, that the arbitrator must notify the parties of the time and place of the arbitration hearing. *Id.* § 171.044(a). Section 171.047 states, "Unless otherwise provided by the agreement to arbitrate, a party at the hearing is entitled to: (1) be heard; (2) present evidence material to the controversy; and (3) cross-examine any witness." *Id.* § 171.047; *cf. id.* § 171.088(a)(3)(C) (ground for vacating award is that arbitrators "refused to hear evidence material to the controversy").

The party seeking to modify or vacate an arbitration award has the burden in the trial court of bringing forth the complete record and establishing the basis for vacating or modifying the award. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied) (citing *Kline v. O'Quinn*, 874 S.W.2d 776, 790 (Tex. App.—Houston [14th Dist.] 1994, writ denied)); *see also Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, pet. denied) (stating party seeking to vacate award has burden of bringing forth complete record establishing grounds for vacatur);

7

*Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 569 (Tex. App.—Dallas 2008, no pet.) (holding movant did not carry burden of showing arbitrator misconduct or prejudice where there was no record of arbitration proceedings); *Eurocapital Grp. Ltd. v. Goldman Sachs & Co.*, 17 S.W.3d 426, 429 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating party seeking to modify or vacate award bears ultimate burden of proving grounds for modification or vacatur); *cf. Mariner Fin. Grp., Inc. v. Bossley*, 79 S.W.3d 30, 35 (Tex. 2002) (indicating that losing party bears ultimate burden of proving arbitrator's partiality as ground of vacatur).

Here, there is no record of any arbitration proceeding. We therefore cannot determine whether the arbitrator refused to properly conduct the proceedings or consider material evidence or—if he did so—whether it substantially prejudiced Gonzalo's rights. *See GJR Mgmt. Holdings, L.P.*, 126 S.W.3d at 263 ("Because we have no record, we have no way of judging whether the misconduct in fact occurred and, if it occurred, whether it deprived GJR of a fair hearing."). Neither before the trial court nor in his brief to this court has Gonzalo identified what evidence he was prevented from presenting due to the arbitrator's purported error in failing to conduct a "trial arbitration."

Additionally, we note that the record that does exist supports the conclusion that Gonzalo not only agreed to the arbitration proceeding, but also initiated it and participated in it. In June 2011, when Estela first moved for a decree of divorce

8

requiring Gonzalo to execute documents perfecting a security interest in the property awarded to him, Gonzalo himself insisted on arbitration as agreed in the MSA. Although Gonzalo contends he was not given adequate notice of the arbitration hearing, both he and Estela submitted position papers to the arbitrator in early August. Additionally, counsel for both parties participated in a telephonic arbitration with the arbitrator on September 23. A week after the arbitration, Gonzalo's counsel acknowledged receipt of proposed documents from Estela's counsel. In that email, Gonzalo's counsel stated,

> . . . I believe R.B. Pool [the arbitrator] contemplated that we were using the Decree, Note & Deed of Trust that was already in my possession last week *when we had the arbitration telephone conference*. Obviously, we both agree that the prior Decree version now has to be changed *to incorporate his decisions*.

(Emphasis added.) In that email, counsel also discussed "getting a Monday afternoon prove-up."

Section 171.044 requires notice of the arbitration hearing, but further provides, "Appearance at the hearing waives the notice." TEX. CIV. PRAC. & REM. CODE ANN. § 171.044(b). Here, Gonzalo submitted position papers and participated in the telephone arbitration hearing through counsel, thereby waiving notice. However, even if Gonzalo had not waived notice, he has not shown that the lack of notice "substantially prejudiced" his rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(D).

9

Gonzalo also complains he was deprived of an adequate opportunity to seek vacatur or modification of the award because the arbitrator did not issue a written award until after 4:30 p.m. the day before the hearing on the motion to enter a final decree of divorce. The record does not support this argument. On the day of the hearing to enter a final decree of divorce, Gonzalo filed a written response, objecting to entry of the decree based on the lack of a "trial arbitration" and his argument that the arbitrator exceeded his powers. Gonzalo argued both of these grounds to the trial court. And Gonzalo filed a motion for new trial again making the argument that the arbitrator exceeded his powers. We conclude that Gonzalo was not deprived of an opportunity to seek vacatur of the arbitration award.

## B.    Interpretation of the MSA

Gonzalo also argues the arbitrator erred by adding to or modifying the terms of the MSA, which was "binding on the parties." *See* TEX. FAM. CODE. ANN. § 6.602(b). Specifically, Gonzalo contends the arbitrator exceeded his powers by entering an award that required him to execute documents to perfect Estela's security interest in the property he was awarded, securing the $2.6 million he agreed to pay Estela. He further contends the trial court erred in incorporating the award in the final decree.

An arbitrator exceeds his power by deciding a matter not properly before him. *Pheng Invs., Inc. v. Rodriquez*, 196 S.W.3d 322, 329 (Tex. App.—Fort

Worth 2006, no pet.); *Barsness v. Scott*, 126 S.W.3d 232, 241 (Tex. App.—San Antonio 2003, pet. denied). "The authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Centex/Vestal*, 314 S.W.3d at 684 (citing *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959)).

Although Gonzalo contends the arbitrator exceeded his power, he actually is complaining that the arbitrator misconstrued the terms of the parties' agreement in requiring Gonzalo to execute documents to perfect a lien in Estela's favor on all the real property awarded to Gonzalo. Because the decision the arbitrator made— determining what the parties meant when they agreed to "secure" the payment to Estela with the property awarded to Gonzalo—was squarely within the scope of the arbitrator's powers as set forth in the MSA, we conclude that the arbitrator did not exceed his powers. *See id.* (holding complaint that arbitrator erred by making legally incorrect determination was not complaint that arbitrator exceeded powers); *Pheng Invs., Inc.*, 196 S.W.3d at 329–30 (holding that arbitrators did not exceed their powers under TAA where agreement contained broad arbitration clause; appellant's complaint was actually that arbitrators had made mistake of law or fact in making award).

Having determined that Gonzalo has not shown that the arbitrator either (1) conducted the arbitration in violation of Texas Civil Practice and Remedies

11

Code section 171.044 or 171.047 or (2) exceeded his powers, we accordingly hold that the trial court did not err by incorporating the terms of the arbitrator's award into the final decree of divorce. *See Eurocapital Grp., Ltd.*, 17 S.W.3d at 429 (stating party seeking to modify or vacate award bears ultimate burden of proving grounds for modification or vacatur); *GJR Mgmt. Holdings, L.P.*, 126 S.W.3d at 263 (stating Texas law provides that party seeking to vacate arbitration award has burden in trial court of bringing forth complete record and establishing any basis warranting vacation of award); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (providing trial court "shall" confirm arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091").

We overrule Gonzalo's issue.

### Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

12