**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01076-CV

———————————

**CHENG COPELAND, PLLC F/K/A CHENG COPELAND & ASSOCIATES, PLLC, Appellant**

**V.**

**JERILYN CHENEVERT A/K/A JERILYN LEA ACKEL, Appellee**

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2015-31105**

---

## MEMORANDUM OPINION

In this interlocutory appeal, appellant, Cheng Copeland, PLLC, formerly known as Cheng Copeland & Associates, PLLC ("Cheng Copeland"), challenges the trial court's order denying its Motion to Confirm Arbitration Award and granting the Motion to Vacate Arbitration Award of appellee, Jerilyn Chenevert, also known as

Jerilyn Lea Ackel ("Chenevert").[1]  In its sole issue, Cheng Copeland contends that the trial court erred in vacating, rather than confirming, the arbitration award.

We reverse and render.

## Background

In its Petition to Compel Arbitration, Cheng Copeland alleged that it and Chenevert had "entered into a written agreement that contain[ed] a provision stating that any and all disputes, controversies, claims or demands arising out of or relating to the agreement or any provision of the agreement shall be resolved by binding arbitration."  Further, since their dispute arose, Cheng Copeland and Chenevert had "agreed" on their arbitrator, paid him "in full," and, "over . . . more than [a] twelve month time period," "set multiple dates for the arbitration," which Chenevert had "unilaterally cancelled."

The trial court signed an agreed order compelling arbitration, which required Cheng Copeland and Chenevert to "submit to arbitration the entire controversy between them in accordance with the terms of the[ir] arbitration agreement" and for their arbitration hearing to "commence" before the Honorable Frank C. Price (the "arbitrator") in Houston, Texas "by October 31, 2015."

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (Vernon 2011); *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 268 (Tex. 2010).

2

Chenevert filed with the arbitrator an Objection to Arbitration and Request for Scheduling Order on October 27, 2015.[2] In it, she requested that the arbitration hearing, which had been set for October 28 and 29, 2015, be rescheduled because she "ha[d] not undertaken certain discovery needed . . . in connection with her counterclaim for attorney negligence" and, "over the weekend," a pipe had "burst" in the attic of her attorney's home, requiring that her attorney remain home on the days that the arbitration hearing had been set to be held.

After holding a hearing, which neither Chenevert nor her attorney attended,[3] the arbitrator signed the Final Decision and Award, finding in favor of Cheng Copeland. In the Final Decision and Award, the arbitrator, in pertinent part, states:

<u>ISSUES</u>

Pursuant to employment contracts between the parties, Claimant, Cheng Copeland, PLLC f/n/a Cheng Copeland & Associates, PLLC, is pursuing from Respondent, Jerilyn Chenevert, a/k/a Jerilyn Lea Ackel, the non-payment of attorney's fees, penalties and interest for legal assistance rendered in a complex probate matter. Also, [Cheng Copeland] seeks additional attorney's fees for being required to pursue this claim.

---

[2] Chenevert's Objection to Arbitration and Request for Scheduling Order, filed with the trial court clerk on October 29, 2015, contains a certificate of service stating that it was served on Cheng Copeland and the arbitrator on October 28, 2015. In the Final Decision and Award, the arbitrator states that on October 28, 2015, "just before" the arbitration hearing was to begin, Chenevert "again requested that the arbitration be rescheduled." Regardless, the parties, in their briefing, appear to be in agreement that Chenevert filed her request for postponement with the arbitrator on October 27, 2015.

[3] Chenevert did not request postponement of the hearing on the ground that she was not able to attend.

3

## ENGAGEMENT

This arbitration was initiated in 2013 consistent with the enforcement provision of two employment contracts. *Over the next two years, the arbitration was scheduled and re-scheduled on five separate occasions, each time at the insistence of [Chenevert]. Because of the difficulty in reaching a firm scheduling date, [Cheng Copeland] petitioned the trial court for assistance.*

The trial court ordered arbitration to commence on or before October 31, 2015, in the office of agreed arbiter, Honorable Frank C. Price in Houston, Texas. Both attorneys signed an Agreed Order honoring this date. [Cheng Copeland] and [Chenevert] agreed the Arbitration would be set for October to begin on either October 28 or 29, 2015, at 1:30 p.m. [Chenevert] was given the option of attempting mediation on October 28, 2015, immediately before the Arbitration was to commence. *On October 28, 2015, just before the time to begin, [Chenevert] again requested that the arbitration be rescheduled but that request was denied.* [Chenevert] was told this matter would proceed pursuant to the Court's Order. Neither [Chenevert] nor her attorney appeared for the Arbitration Hearing on either October 28 or 29, 2015.

## THE HEARING

The Hearing convened on October 28, 2015, at the scheduled time and place and conducted with the arbiter receiving into evidence the testimony of witnesses and numerous documents. In addition, the arbiter listened to arguments of counsel for [Cheng Copeland]. The Hearing was closed and this decision represents the Final Arbitration Award.

It is specifically noted that this Award fully and finally adjudicates all claims stated which could have been stated between the parties arising out of the attorney-client relationship between Cheng Copeland . . . and . . . Chenevert . . . for any professional services provided at any time whatsoever.

4

The Arbiter finds that [Chenevert] owes [Cheng Copeland] the sums of $195,194.87, with interest to date thereon in the amount of $30,903.55, and the sum of $9,194.00, with interest to date thereon in the amount of $1,685.56, plus $81,755.54 in reasonable attorney's fees for having had to pursue this action. The total of $318,733.52 will accrue interest in the amount of 5% from the date of this award. Therefore [Cheng Copeland] is awarded the amount of $318,733.52 and interest in the amount of 5% per annum to begin accruing on that amount beginning the day after this award is signed.

All relief not expressly awarded herein is denied.

(Emphasis added.)

Cheng Copeland then filed with the trial court a motion to confirm the arbitrator's award, and Chenevert responded with a motion to vacate the award, asserting that the arbitrator "refused to postpone the [arbitration] hearing after a showing of sufficient cause for postponement."[4]

**Standard of Review**

We review a trial court's decision to vacate or confirm an arbitration award de novo based on a review of the entire record. *Port Arthur Steam Energy LP v. Oxbow Calcining LLC*, 416 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). Because Texas law favors arbitration, our review of an arbitration decision is "extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *Prudential Sec. Inc. v. Marshall*,

---

[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B) (Vernon 2011).

909 S.W.2d 896, 898 (Tex. 1995); *IPCO–G.&C. Joint Venture v. A.B. Chance Co.*, 65 S.W.3d 252, 255–56 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An arbitration award has the same effect as a judgment of a court of last resort, and a reviewing court may not substitute its judgment for that of the arbitrator merely because it would have reached a different result. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Because arbitration is favored as a means of dispute resolution, every reasonable presumption must be indulged to uphold an arbitrator's decision, and none is indulged against it. *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The award is presumed valid, and it is entitled to great deference. *Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 790 (Tex. App.—Dallas 2014, no pet.). Review is limited such that a trial court may not vacate an arbitration award even if it is based upon a mistake of fact or law. *Universal Comput. Sys., Inc. v. Dealer Sols., L.L.C.*, 183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *J.J. Gregory*, 927 S.W.2d at 33. Because we must accord great deference to arbitration awards, judicial scrutiny of these awards focuses on the integrity of the arbitration process, not on the propriety of the result. *Women's Reg. Healthcare, P.A. v. FemPartners of N. Tex., Inc.*, 175 S.W.3d 365, 367 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

**Arbitration Award**

In its sole issue, Cheng Copeland argues that the trial court erred in vacating, rather than confirming, the arbitration award because the arbitrator did not err in denying Chenevert's request for postponement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088(a)(3)(B) (Vernon 2011).

A trial court must confirm an arbitrator's award unless, on application of a party, grounds are offered for vacating the award. *Id.* § 171.087; *see also Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002); *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (confirmation of award "is the default"). Section 171.088 provides the exclusive statutory grounds for vacating an award. *Hoskins v. Hoskins*, No. 15-0046, --- S.W.3d ---, 2016 WL 2993929, at *3–5, *7 (Tex. May 20, 2016); *Women's Reg.*, 175 S.W.3d at 367 ("Unless a party relies on a statutory basis to vacate an arbitration award, the trial court must affirm the award."); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088.

Pertinent to this case, a trial court shall vacate an award where an arbitrator refused to postpone the arbitration hearing after a showing of sufficient cause. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B). The party challenging the arbitration award has the burden to present the trial court with a sufficient record of the arbitration proceedings to show that grounds exist to vacate the award.

*Eurocapital Grp., Ltd v. Goldman Sachs & Co.*, 17 S.W.3d 426, 429 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see also Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet).

In her motion to vacate, Chenevert argued that the arbitrator improperly "refused to postpone the [arbitration] hearing" because she made "a showing of sufficient cause" for postponement. She asserted that her attorney was unable to attend the hearing as "she had to be home on October 28 and 29 for plumbing repairs and damage inspection by an [insurance] adjuster" after a pipe broke in her home. Chenevert further asserted that she "ha[d] several counterclaims for attorney malpractice," which required additional discovery.

In determining what constitutes a "sufficient cause for postponement" under section 171.088(a)(3)(B), we may examine the grounds a court would find sufficient to support a motion for continuance in a trial court. *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 26 (Tex. App.—Corpus Christi 2010, no pet.); *Hoggett v. Zimmerman, Axelrad, Meyer, Stern & Wise, P.C.*, 63 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2001, no pet.). In this regard, Texas Rule of Civil Procedure 251 provides: "No application for a continuance shall be heard before the defendant files his defense, *nor shall any continuance be granted except for sufficient cause supported by affidavit*, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251 (emphasis added); *see also* TEX. R. CIV. P. 252;

8

*Manderscheid v. Laz Parking of Tex., LLC*, No. 01-13-00362-CV, --- S.W.3d ---, 2015 WL 6081802, at *11 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, no pet.) ("A motion for continuance must include an affidavit stating sufficient cause."). Where a motion for continuance is not verified or supported by an affidavit, we presume that a trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Manderscheid*, 2015 WL 6081802, at *11; *Morgan v. City of Alvin*, 175 S.W.3d 408, 420–21 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Here, Chenevert did not verify or support by affidavit her Objection to Arbitration and Request for Scheduling Order, in which she requested postponement of the arbitration hearing scheduled for October 28 and 29, 2015. *See* Tex. R. Civ. P. 251; *see also* Tex. R. Civ. P. 252. General allegations in a motion concerning an attorney's inability to attend a hearing and a need for additional discovery are simply not sufficient to support a request for a continuance. *See Morgan*, 175 S.W.3d at 420–21; *see also O'Connor v. O'Connor*, 245 S.W.3d 511, 516 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("When requesting additional time for discovery, the movant must aver, *by affidavit*, that the matters to be discovered are material, show the materiality of the discovery, and show that she has used due diligence to procure the matters." (emphasis added)); *Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("General allegations [in a motion for

9

continuance] that the attorney has personal matters, other cases, and insufficient time to prepare for the . . . hearing are not enough."). Because Chenevert's request for postponement of the arbitration hearing was neither verified nor supported by an affidavit, we must presume that the arbitrator did not abuse his discretion in denying her request. *Cf. Hamm*, 178 S.W.3d at 270 (parties' continuance motion not verified or accompanied by affidavit, and "[f]or th[at] reason alone," trial court did not err in overruling continuance motion).

Further, we note that the arbitrator did not abuse his discretion in denying Chenevert's request for postponement of the arbitration hearing based on her attorney's absence and her need for "certain discovery" related to her counterclaim, which she "ha[d] not [yet] undertaken." The absence of counsel alone does not constitute good cause for a continuance. TEX. R. CIV. P. 253; *O'Connor*, 245 S.W.3d at 516; *see also In re Guardianship of Cantu de Villarreal*, 330 S.W.3d at 26–27 ("[A] trial court is not required to grant a motion for continuance just because a party is unable to be present at trial."); *Echols v. Brewer*, 524 S.W.2d 731, 733–34 (Tex. Civ. App.—Houston [14th Dist.] 1975, no writ) (trial court did not err in overruling motion for continuance where lead counsel's "prior commitments" prevented him from attending hearing). And "[a] party who does not diligently utilize the procedures of discovery can seldom claim reversible error when the trial court refuses a continuance." *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 527 (Tex. App.—

Houston [1st Dist.] 1994, no writ); *see also State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

Accordingly, we hold that the trial court erred in vacating, rather than confirming, the arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087.

We sustain Cheng Copeland's sole issue.

## Conclusion

We reverse the trial court's order and render judgment confirming the arbitration award.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.